IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00094-BNB

TERRY OWEN,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
ANGEL MEDINA,
J. FALK,
JOHN REILLY, and
WILLIAM RUSHER,

    Defendants.

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND A MAGISTRATE JUDGE

    Plaintiff, Terry Owen, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Limon, Colorado. Mr. Owen filed *pro se* a complaint pursuant to 42 U.S.C. §§ 1983 and 1988 for declaratory and injunctive relief and money damages. Mr. Owen improperly asserts jurisdiction pursuant to § 1988. *Pro se* litigants may not recover an award of attorney's fees pursuant to § 1988. *Turman v. Tuttle*, 711 F.2d 148 (10th Cir. 1983). The policy underlying § 1988 was not implemented to compensate *pro se* litigants. *Id.* Mr. Owen has paid the $350.00 filing fee.

    Pursuant to 28 U.S.C. § 1915A, the Court is required to review the complaint because Mr. Owen is a prisoner and he is seeking redress from officers or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the amended complaint, or any portion of the amended complaint, that is frivolous. A

legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe Mr. Owen's filings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id*. For the reasons set forth below, the complaint will be drawn in part and dismissed in part as legally frivolous.

As background for his claims, Mr. Owen asserts that on July 17, 2010, following a fight in the prison kitchen between two prisoners, he was among one hundred prisoners taken to the prison gymnasium, strip searched, and made to sit in handcuffs for five hours. He further asserts that on September 15, 2010, Defendants John Reilly and William Rusher, prison supervisors, called a meeting with garment factory workers, including Plaintiff, to inquire as to their willingness to volunteer for placement in the prison's incentive unit. Mr. Owen contends he did not volunteer allegedly because he thought the unit would be populated by untreated sex offenders. He alleges that on the afternoon of September 15, when he reported to work, he was informed that Mr. Reilly did not want him in the factory, and he was terminated from his job. On September 29, 2010, he filed a grievance alleging retaliation for his remarks concerning the incentive

2

unit, and Mr. Owen contends that, in response to the grievance, Mr. Rusher relocated him from his living unit. He further alleges that during the grievance process he was retaliated against by receiving five different job assignments and five living unit relocations. He maintains that in response to his step-two grievance Defendant J. Falk, associate warden, conspired with Mr. Reilly, Mr. Rusher, and Defendant Angel Medina, warden, by maintaining that placement in the incentive unit was not voluntary. Mr. Owen argues that he lost his prison job and original living unit placement in retaliation for voicing his opinion.

On the basis of these allegations, Mr. Owen asserts four claims. He alleges violations of his First Amendment rights to free speech and to petition for redress of grievances (claim one) and his Fourteenth Amendment equal protection rights because he and other non-volunteering garment factory workers were removed from factory employment while non-volunteering workers in other prison jobs were not removed from their jobs or living units (claim two). He also alleges that Defendants conspired with each other by firing him from his prison job and relocating him (claim three) and that Defendants violated his Fourteenth Amendment due process and equal protection rights by taking his prison job, which he contends is an earned liberty interest under state law, specifically Colo. Rev. Stat. §§ 17-20-114.5 (concerning restriction of privileges in correctional facilities), 17-20-117 (concerning labor of inmates), and 17-29-101 (concerning physical labor by inmates).

Mr. Owen is suing an improper party. Regardless of the relief sought, Plaintiff may not sue the Colorado Department of Corrections. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of*

*State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988).  "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), overrruled on other grounds by *Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998).  The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).  The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought.  *See Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003).  Therefore, the Colorado Department of Corrections will be dismissed as a party to this action.  The claims against the remaining Defendants will be drawn to a district judge and magistrate judge.

Accordingly, it is

ORDERED that the claims against Defendant Colorado Department of Corrections are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1).  It is

FURTHER ORDERED that Defendant Colorado Department of Corrections is dismissed as a party to this action.  It is

FURTHER ORDERED that the claims asserted against the remaining Defendants and the case are drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this   23rd   day of   April  , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court