**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 12-cv-0094-WJM-CBS

Terry Owen

      Plaintiff,

V.

Angel Medina,
J. Falk,
John Reilly, and
William Rusher

      Defendants.

---

**ORDER AFFIRMING MAGISTRATE JUDGE'S RECOMMENDATION**
**(ECF NO. 31) AND GRANTING AND DENYING IN PART**
**DEFENDANT'S MOTION TO DISMISS (ECF No. 15.)**

---

This matter is before the Court on Plaintiff Terry Owen's ("Plaintiff" or "Mr. Owen") Objection to Magistrate Judge Craig B. Shaffer's Recommendation (ECF No. 31), dated March 4, 2013 ("Objection").[1] (ECF No. 41.)  Defendants Angel Medina, J. Falk, John Reilly and William Rusher ("Defendants") have not filed a Response to the Objection.  Notwithstanding this—and having reviewed the relevant portions of the record—Plaintiff's Objection is overruled.  The Court finds under the *de novo* standard that there is no error in the Magistrate Judge's Recommendation ("Recommendation").

---

[1] The Magistrate Judge's Order (ECF No. 31) is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Notably, the matter also addressed Plaintiff's Motion for Leave to File and Amended Complaint, which has efficiently dealt with in ECF No. 31. Because it has not been objected to, it does not need a ruling.  The Court agrees with Magistrate Judge Shaffer approach, that dealing with the proceeding under Rule 12, rather than Rule 15(a) of the Federal Rules of Civil Procedure, is far more efficient than alternative routes addressed in same.  (ECF No. 31 at 2-3.)

In order to provide Plaintiff with an opportunity to amend his pleading with respect to claims (a), (c), (d) and (e), the Court dismisses these claims **without prejudice**. The Due Process claim, however, is dismissed **with** prejudice for the reasons stated below.

## I. BACKGROUND

### A.    Factual and Procedural Background

This case involves several constitutional claims brought by Plaintiff pursuant to 42 U.S.C. §§ 1983 and 1988. Plaintiff is presently incarcerated at the Limon Correctional Facility ("LCF") of the Colorado Department of Corrections ("CDOC"). Plaintiff's allegations arise from events pled in his Complaint that occurred on September 15, 2010 at the LCF. (ECF No. 1 at 4-5). A further Amended Complaint was filed on December 18, 2012. (ECF No. 28-1 at 5-6). This Amended Complaint is the operative complaint for the purposes of this Order.

Plaintiff alleges that on September 15, 2010 he was fired from his job at the facility's garment factory in retaliation for refusing to be voluntarily moved to the incentive unit, that he grieved the termination of employment on September 29, 2010, and that he was also moved from his assigned housing unit in retaliation for filing the grievance. (*Id.* at 4-6).[2]

Based on these facts, and proceeding *pro se*, Plaintiff is pursuing the following claims: (a) violation of Plaintiff's First Amendment Rights (retaliation); (b) violation of Plaintiff's Fourteenth Amendment Due Process Rights; (c) violation of Plaintiff's Fourteenth Amendment Equal Protection Rights; (d) Supervisor Liability; and (e)

---

[2] Plaintiff's refusal to voluntarily move to the incentive unit was made on the same day that he was terminated from his garment factory position. (ECF No. 28-1 at 4.)

Conspiracy. The Recommendation addressed each of these claims in considerable depth. In addition, Plaintiff seeks compensatory damages; punitive damages and injunctive relief. Such remedies are predicated on the claims above.

**B.    Review of A Magistrate Judge Order Pursuant to Rule 72(b)(3)**

When a magistrate judge issues a recommendation on a dispositive matter, Rule 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

An objection to a recommendation is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir.1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* (*quoting Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

Here, the Court granted Plaintiff an extension to a 60-day extension to file his Objection. (ECF No. 36.) Plaintiff filed his Objection within this designated time period, making it timely. As to the specificity, the Court notes that the factual details stated in Objection are detailed enough for the purposes of satisfying this requirement. The Equal Protection and the First Amendment claims, in particular, lie at the heart of the parties' dispute and have been specified in Plaintiff's Objection. *Id.* The Court notes that given that these two claims have been dismissed without prejudice, among others, Plaintiff would be well served to review (1) this Order (and footnotes), (2) the Magistrate

3

Judge's Recommendation and (3) the relevant authorities, before he puts pen to paper

to amend his pleadings. He must 'fix' the deficiencies noted below; otherwise the Court

will no option but to dismiss any further iteration of his Complaint with prejudice.

## II. LEGAL STANDARDS

Defendants move to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P.

12(b)(1) and 12(b)(6). Each will be addressed below in the context of the Magistrate

Judge's Recommendation.

## A. Standard of Review under Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction

over the subject matter." Fed. R. Civ. P. 12(b)(1). Defendants' assertion of Eleventh

Amendment immunity constitutes a challenge to the allegations of subject matter

jurisdiction in the Complaint. *See Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir.

2002) ("an assertion of Eleventh Amendment immunity concerns the subject matter

jurisdiction of the district court"). The determination of subject matter jurisdiction is a

threshold issue of law, that the Court addresses before turning to the merits of the case.

*Id.* at 1180.

1. <u>Liability of Defendants in their Official Capacities: Eleventh Amendment</u>

As the party asserting jurisdiction, Plaintiff bears the burden of establishing that

this court has jurisdiction to hear his claims. *American Fair Credit Ass'n v. United Credit

Nat. Bank*, 132 F. Supp. 2d 1304,1308-09 (D. Colo. 2001). Plaintiff sues Defendants in

both their individual and official capacities. ( ECF No. 28-1 at 3-4 of 13). To the extent

that Mr. Owen is suing Defendants in their official capacities, he is actually attempting to

impose liability on their employer, the Colorado Department of Corrections ("CDOC").

4

*See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (suit against a state official in his or her official capacity is treated as a suit against the state).  The CDOC is considered an agency of the State of Colorado.  See Colo. Rev. Stat. § 24-1-128.5.

To the extent that Plaintiff is suing Defendants who are state employees in their official capacities for money damages, such claims were properly dismissed in the Recommendation **without prejudice** as barred by the Eleventh Amendment.  *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("[W]here the district court dismisses an action for lack of jurisdiction . . . the dismissal must be without prejudice.")

Accordingly, nothing in the findings of the Magistrate Judge suggest error in recognizing the law and its application to the relevant facts in the Rule 12(1)(b)(1) context.[3]

**B.     Standard of Review under Fed. R. Civ. P. 12(b)(6)**

Next, Plaintiff objects to the Magistrate Judge's Recommendation that Plaintiff failed to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).  The purpose of a Rule 12(b)(6) motion is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to

---

[3] The Eleventh Amendment does not always bar actions in federal court seeking injunctive relief against state officials. *See Ex parte Young*, 209 U.S. 123, 159-60 (1908) (holding that the Eleventh Amendment generally does not bar official-capacity claims seeking prospective injunctive relief from a state official).  *See Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985).

assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts . . . to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility in this context "must refer to the scope of the allegations in a complaint—*i.e.* if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247–48. (10th Cir. 2008).  The "allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.*  This requirement of plausibility "serves not only to *weed out* claims that do not have a reasonable prospect of success, [but also to] provide *fair notice* to defendants of the actual grounds of the claim against them." *Id.   Twombly*, 550 U.S. at 582.(*emphasis added.*) *See also Alvarado v. KOB-TV, L.L.C.*, 493 F. 3d 1210, 1215 (10th Cir. 2007).

Of import to this case, and because Plaintiff appears *pro se*, the Court reviews his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007).  However, a court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.  *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009).

6

### 1. Liability of Defendants in their Individual Capacities

To the extent that Plaintiff is suing Defendants in their individual capacities, the

Court proceeds to evaluate whether Plaintiff states any claim against Defendants in

their individual capacities, or in their official capacities for injunctive relief under the

12(b)(6) standard, below.

### a. Plaintiff's Claim for Violation of First Amendment Rights

Prison "officials may not retaliate against or harass an inmate because of the

inmate's exercise of his constitutional rights . . . even where the action taken in

retaliation would be otherwise permissible." *Peterson v. Shanks*, 149 F.3d 1140, 1144

(10th Cir. 1998). Equally so, "[I]t is not the role of the federal judiciary to scrutinize and

interfere with the daily operations of a state prison, and the [judiciary's] retaliation

jurisprudence does not change this role." *Id.*

Therefore, an inmate claiming retaliation against a prison employee "must allege

specific facts showing retaliation because of the exercise of the prisoner's constitutional

rights." *Id.* "[A] plaintiff must prove that *but for* the retaliatory motive, the incidents to

which he refers, including the disciplinary action, would not have taken place." *Id. See*

*also Frazier v. Dubois*, 922 F.2d 560, 562 n. 1 (10th Cir.1990) (stating that "it is

imperative that plaintiff's pleading be factual and not conclusory; mere allegations of

constitutional retaliation will not suffice and plaintiffs must allege specific facts showing

retaliation because of the exercise of the prisoner's constitutional rights.")

A retaliation claim entails three elements: "(1) that the plaintiff engaged in

constitutionally protected conduct; (2) that an adverse action was taken against the

plaintiff; and, (3) a causal connection between the plaintiff's protected conduct and the

7

adverse action." *Walker v. Spence*, 2009 WL 3074612, at *6 (D. Colo. 2009).  As to the third element, a plaintiff must specifically show that "but for" the retaliatory motive, the incidents would not have occurred.  *Peterson*, 149 F.3d at 1144.

Here, Plaintiff alleges two acts of retaliation: (i)  that Defendant Reilly retaliated against him by removing him from his prison job on September 15, 2010 because he engaged in conduct protected by the First Amendment—that is, Plaintiff pleads that he "voic[ed] my opinion and for my choice to not volunteer for the prison incentive unit . . . " (ECF No 28-1 at 9); and (ii) that Defendant Rusher on September 24, 2010, moved him from his housing assignment in retaliation for "filing my grievance."  (*Id.* at 6.)

While Plaintiff's syntax and sentence construction could be improved as to the pleading of each of the retaliatory acts**,** the Court must construe the pleadings liberally given his *pro se* status.  *Trackwell,* 472 F.3d at 1243. The Court does so here.

### i.    *Retaliation: opinion not to volunteer*

With respect to the first act of retaliation, the Court agrees with the reasoning of the Magistrate Judge.  On the facts pled, Plaintiff cannot establish that his activity was a protected one.[4]  There is no Tenth Circuit Authority to reverse this result cited in the parties' materials.  However, given that Plaintiff has been granted leave to amend other claims referred to below; the Court will also grant him leave to amend this claim, provided he can indicate that there is Tenth Circuit authority that squarely supports his claim going to the first act of retaliation.  Plaintiff must indicate this authority in the Amended Complaint.

---

[4] The Court observes that element (3) is also deficient, and more factual content is required to support the sufficiency of that element for the purposes of satisfying Rule 12(b)(6).

Accordingly, the Court adopts the reasoning in the Recommendation as to this claim. The Court dismisses the claim without prejudice and grants leave to Plaintiff to refile an Amended Complaint as to this claim.

### ii.    *Retaliation: Grievance and Movement of Assigned Living*

With respect to the second act of retaliation, the Court adopts the reasoning of the Recommendation. The Magistrate Judge examined element (3) of the retaliatory claim in some detail. That examination yielded the following deficiencies:

> Mr. Owen fails to allege a chronology of events pointing to Defendant Rusher's intent to retaliate against him for filing a grievance. He does not allege that Defendant Rusher had any knowledge of his grievance. He fails to adequately allege that his grievance was the "but for" cause for the move out of his living unit. He alleges nothing more than his personal belief that he is the victim of retaliation. Mr. Owen cannot state a claim for retaliation or refute Defendants' Motion with mere conclusory allegations.

ECF No. 31 at 10.

The Court agrees with the above reasoning by Magistrate Judge Shaffer. Even when viewed in a light most favorable to Plaintiff, his facts, as pled, with respect to this claim are insufficient under Rule 12(b)(6). He must correct the pleadings and put further factual detail into the claim. He must keep in mind the framework of the three elements that are stated above. He should make his best efforts to align the alleged facts with the elements of the claim. Because Plaintiff has not done these things in the present filing, the claim is insufficient for the purposes of Rule 12(b)(6).

Accordingly, the Court adopts the reasoning in the Recommendation, and the Court dismisses the claim without prejudice and grants leave to Plaintiff to refile an Amended Complaint as to this claim.

### b. Plaintiff's Due Process Claim

The Court incorporates by reference all that which is stated in the Magistrate Judge's Recommendation regarding the Due Process Claim. (ECF No. 31.) As aptly stated in that Recommendation, the law is clear: a prisoner does not have a protected liberty interest in his prison job. *Penrod v. Zavaras*, 94 F.3d 1399, 1407 (10th Cir.1996). Furthermore, nothing in the Plaintiff's Objection (ECF No. 41 at 2) rebuts this position; specifically, nothing in the Colorado statutes cited by Plaintiff suggest that the Magistrate Judge erred. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (stating "significant hardship . . . in relation to the ordinary incidents of prison life" did not implicate due process considerations). Because Plaintiff does not address *Penrod,* nor similar Tenth Circuit authorities in his Objection, he forfeits this point. *Phillips v. Calhoun*, 956 F.2d 949, 953-54 (10th Cir.1992) ("A litigant who fails to press a point by supporting it with pertinent authority . . . forfeits the point.")

Accordingly, the Due Process claim is dismissed **with prejudice**. To make this clear, no leave is granted to Plaintiff to refile an Amended Complaint as to the due process claim. *See Jefferson Cty. Sch. Dist. No. R–1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir.1999) (stating that a district court may deny leave to amend complaint where the amendments would be futile).

### c. Plaintiff's Equal Protection Claim

The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend XIV, § 1. This clause prohibits the government from treating similarly situated individuals differently. *See City*

of *Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).

Given its wide-sweeping language, the Court observes that the drafting of an Equal Protection claim is not without difficulty—particularly for those acting *pro se*. Federal courts should recognize this for the purposes of a Rule 12(b)(6) motion. The difficulty is only heightened in the prison context where there is limited scope to undertake informal investigations.  For trained lawyers, these investigations are part of the normal course before a complaint is filed.  These investigations are typically not afforded to *pro se* plaintiffs (inside a prison context) because of the restrictions of their confinement.  This creates obvious hurdles in preparation of a complaint to ensure conformity with the pleading requirements of recent Supreme Court authorities.  *See Iqbal,* 556 U.S. at 678; *Twombly*, 550 U.S. at 582.[5]  And while the recent *Iqbal* and *Twombly* authorities have heightened notice pleading standards,[6] there does seem to be enough in these cases to account for the varying contexts in which constitutional

---

[5]  The Court also notes that unlike common law claims, an Equal Protection claim is not cabined in the same rigid elemental way as would a pure contract or tort claim.  Indeed, the elements are not so much elements but reflect a broader weighing analysis—for example, a court must weigh whether purported differential treatment is trumped by legitimate penological objectives. *Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994).  In many ways protection of constitutional rights is more akin to the protection of equitable rights (which also consider weighing of certain factors to deliver an outcome).  *Cf.*, P. Hoffer, *The Law's Conscience: Equitable Constitutionalism in America*, pp 8-9 (1990) (tracing the Constitution's roots to those principles rooted in equity).  That said, constitutional claims do take on some semblance of a common law claims through the 42 U.S.C. § 1983.  This statute provides a vehicle for allowing for constitutional damages.  While not applied in this case, the Court observes that as the case-law matures, it may reach a stage where Rule 12(b)(6) motions are less rigidly followed with respect to equitable (and constitutional) claims than their common law cousins because common law claims tend to lend better to a pigeonholed, elemental framework which Rule 12(b)(6) seeks to enforce.

[6] *See* Lisa Eichhorn, *A Sense of Disentitlement: Frame-Shifting and Metaphor in Ashcroft* v. Iqbal, 62 FLA. L. REV. 951, 959 (2010); W. Hatamyar, *The Tao of Pleading: Do Twombly and Iqbal Matter Empirically?*, 59 AM. U. L. REV. 553, 555 (2010) (noting that many have criticized *Iqbal* as "judicial activism").  Notwithstanding this, the Supreme Court authorities are binding on this Court.

claims arise (including those in the prison context such as the instant one).  The

following principles are instructive:

- A claim is plausible when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the "misconduct alleged." *Iqbal,* 556 U.S. at 678.
- A claim must provide enough factual material for "fair notice" so to "ensure that Defendants are aware of the of the actual grounds of the claim against them."  *Twombly*, 550 U.S. at 582.
- A claim "must contain direct or *inferential allegations* respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 563.  (*emphasis added.*)

Moreover, where a plaintiff is *pro se*, the following pre and post-*Iqbal* cases

provide guidance in application of the level of scrutiny a district judge should take when

examining a *pro se* complaint.  They are relevant to this case and worth repeating:

- Where plaintiff is *pro se*, a court reviews his pleadings and other papers liberally and holds them "to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007).
- Where plaintiff is *pro se*, the "litigant's pleadings are to be construed liberally . . .  this rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Here, Plaintiff alleges that Defendants violated his rights under the Equal

Protection Clause because he was the *only* one fired from his position at the "garment

factory" and removed from his "housing unit" after he refused to volunteer for the

incentive unit.  (ECF No. 28-1 at 1-6.)

To establish an Equal Protection claim, Plaintiff must show: (1) that Defendants

acted with discriminatory intent; (2) Plaintiff is similarly situated to other inmates who

were treated differently, and (3) the difference in treatment bears no rational relationship

12

to legitimate penological objectives of the prison.  *Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994).[7]

With respect to element (1), the Magistrate Judge first found that Plaintiff does not plead sufficient facts to establish discriminatory intent.  The Court disagrees.

On page 4 of the Amended Complaint, Plaintiff states that "John Reilly and William Rusher were displeased" with "the statement that [Plaintiff] made that the incentive unit was not a positive environment" when he was asked to volunteer for that unit.  (ECF No. 28-1 at 3-4.)   Plaintiff states that it was a "safe haven for sex offenders."  (*Id.*)  He also pleads that after he made this statement, he was fired from the "garment factory" (*i.e.* the same day, September 15, 2010).  (*Id.*)

While these alleged facts are spread throughout the Complaint, they do support an inference that the action of firing Plaintiff—on the very same day that he made the statement that the incentive unit was not a positive environment—was a "spiteful effort to get him" for something that was unrelated to a legitimate prison objective.  *Bartell v. Aurora Public Schools*, 263 F.3d 1143, 1149 (10th Cir. 2001).  These facts—taken as true—provide a reasonable inference of discriminatory intent for the purposes of satisfying element (1).  *Id.*  This inference is also supported when all three elements (and the facts pleaded) are viewed collectively and in context.  *See also Iqbal,* 556 U.S. at 678 (stating that a claim is plausible when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the "misconduct

---

[7] Upon review of Plaintiff's Amended Complaint, he titles claim one as follows: "That named Defendants violated my Fourteenth Amendment Right to equal protection of law as a 'class of one' by treating me differently than other similarly situated prisoner."  (ECF No. 28-1 at 6.)  While this is a conclusory statement in isolation, it does provide some level of notice to Defendants of the claim—particularly when all four corners of the Complaint are considered.

alleged".)

For the reasons stated above, the Court finds that there are sufficient facts in the Amended Complaint to support element (1).

With respect to element (2) of the Equal Protection claim, and contrary to the Recommendation, the Court finds that there are also enough facts to support this element—*i.e.*, that Plaintiff was similarly situated to other inmates who were treated differently.

Plaintiff alleges that there were "thirty four inmates that worked in the garment factory that were asked to volunteer for the incentive unit, twenty eight of refused." (ECF No. 28-1 at 7).  He further alleges that of the "many inmates asked to volunteer for the incentive unit that refused . . . they were *not* fired from their job assignment or moved for choosing not to volunteer for the incentive unit."  (*Id.*)  In short, and unlike him, Plaintiff states that he was fired from the garment factory—and that the other inmates who also refused—"were not fired." (*Id.*)  These facts comport with the theory that Defendants are treating similarly situated individuals (such as Plaintiff and other garment workers) differently.  This also comports precisely with Plaintiff's theory that he has been treated as a "class of one", which is expressly pled on page six of his Amended Complaint. (*Id.*)[8]  *Twombly*, 550 U.S. at 582 (stating that a claim must provide enough factual material for "fair notice" so to "ensure that Defendants are aware of the of the actual grounds of the claim against them.")

---

[8] There are also detailed facts on page 3-5 of the Amendment Complaint that are incorporated into the Equal Protection claim that is summarized on page 6.  Indeed, it is worth noting that in comparison to the original Complaint (ECF No. 1), filed by Plaintiff, the facts supporting the Equal Protection claim in the Amended Claim are more specific and detailed. More is required, however, consistent with this Order.

In light of the above facts, it is difficult to see what more Plaintiff could have said to support element (2).  Perhaps he could have pled with superior syntax and sentence construction; but for a *pro se* Plaintiff, in the Rule 12(b) context, a court need *not* frown upon such errors.  *Hall*, 935 F.2d at 1110.   A court is to look to the substance of the allegations, and whether sufficient facts exist within the four corners of the complaint.  As such, the Court finds that Plaintiff has pled sufficient facts for the purposes of satisfying element (2).

Before moving to the element (3), however, it is worth noting one problem in the Recommendation that could resurface after the refiling of the Amended Complaint.  That is, the Magistrate Judge's reasoning and reliance on *Fogle v. Pierson*, 435 F.3d 1252, 1261 (10th Cir. 2006) (noting that teh prisoner's "claim that there are no relevant differences between him and other inmates that reasonably might account for their different treatment is not plausible or arguable").

In the reasoning, the Recommendation stated that "because inmate classification is discretionary, it is not plausible that inmates are similar in every relevant respect for the purpose of equal protection claims."  (ECF No. 31 at 13.)  The Recommendation relied on *Fogle* to support the proposition that Plaintiff was not similarly situated to other prisoners.  But *Fogle* was a case where the prisoner was 'locked in' restricted confinement for a period that purportedly exceeded normal limits of those who had escaped in similar circumstances.

By contrast, Plaintiff has been fired for refusing to volunteer.  The two factual scenarios are quite distinct.  In this case, all the inmates are garment workers (not escapees).   As such, reliance on *Fogle* is misplaced and does not fit squarely with the

15

facts alleged in this case.  *Cf. Milligan v. Archuleta*, 659 F.3d 1294, 1296 (10th Cir.

2011) (where Tenth Circuit held that an Equal Protection theory could persist where a

prisoner had been fired).

Finally, and with respect to element (3), the Court agrees with the Magistrate

Judge that Plaintiff has not sufficiently pled this requirement—*i.e.,* that Plaintiff was

treated differently which bears no rational relationship to a legitimate penological

objective.  But for a *pro se* prisoner—in a pre-discovery context—how does he plead

this requirement?  Basically, he must plead a negative fact with limited resources of how

the prison system rationalizes its decisions that affect prisoners (such as himself).  This

is one of those elements that is easier to 'tear down than build up'.  It is ideal for a

defendant in a Rule 12(b)(6) context.  And while the purpose of Rule 12(b)(6) is to weed

out claims that are implausible, its purpose is not to eviscerate those claims that have

some level of merit at the same time.  *See Shero v. City of Grove, Okla.*, 510 F.3d 1196,

1200 (10th Cir. 2007) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007))

("[t]he complaint must only provide sufficient facts so "that discovery will reveal evidence

to support the plaintiff's allegations.")

Notwithstanding these hurdles, the Court adopts the Magistrate Judge's

reasoning that element (3) has not been sufficiently pled.  The pleading is deficient (at

least in form) because there is no reference to the lack of penological objectives and the

tying of such objectives to how Plaintiff was treated differently from others.  But, it is

difficult to see how any court could dismiss a theory of equal protection *with prejudice*

on this deficiency alone?  Indeed, the Tenth Circuit has said that district courts cannot.

*Milligan*, 659 F.3d at 1296.  In that case, Tenth Circuit stated that "with respect to

16

Plaintiff's equal protection claim, we agree that the complaint was deficient because it did not plead facts sufficient to show that Plaintiff's classification as an escape risk lacked a rational basis or a reasonable relation to a legitimate penological interest." *Id.* The court then said: "We are not persuaded, however, that amendment would necessarily be futile or that this claim was based on an indisputably meritless legal theory. . . we conclude that the district court **erred** in dismissing the claim **without permitting Plaintiff an opportunity to amend.**" *Id.*[9] (*emphasis added.*)

Like *Milligan*, the Court also finds that Plaintiff's claim is *not* based on a meritless legal theory.  *Id.*  As such, the Court will provide Plaintiff with an opportunity to amend the operative Complaint; and to this end, Plaintiff should specifically address element (3) of the Equal Protection Claim—*i.e.* he needs to provide sufficient facts as whether there were any penological objectives that would not support Defendants' reason for firing him from the garment factory.  As such, the Court finds that without these facts (relevant solely to element (3)), the pleading is insufficient and does not pass Rule 12(b)(6) muster.

Accordingly, the Court adopts the reasoning in the Recommendation as to this claim.  The Court dismisses the claim without prejudice and grants leave to Plaintiff to refile an Amended Complaint with regard to his Equal Protection claim.

---

[9] This recent holding has even greater significance given the factual similarities between it and the instant case where the *pro se* plaintiff had also been fired from his prison employment position. *See, Milligan*, 659 F.3d at 1296.

17

### d.      Plaintiff's Supervisor Liability Claim

The Court incorporates by reference the Magistrate Judge's reasoning with

respect to the claim for Supervisory Liability.  In many respects, this claim is predicated

on the claims a-c, above.  Given that the Court has dismissed Plaintiff's Equal

Protection claim, *inter alia*, without prejudice, the Court will also provide for a similar

outcome with respect to this claim.  Plaintiff must understand, though, that a claim for

supervisor liability requires detailed factual allegations that are clearly deficient in what

he has already pled.  Unless those deficiencies are corrected in the next iteration of his

Complaint pursuant to this Order, the Court will have no choice but dismiss the claim

with no further opportunity to amend.

Accordingly, the Court adopts the reasoning in the Recommendation as to this

claim, as well.  The Court dismisses the claim without prejudice and grants leave to

Plaintiff to refile an Amended Complaint reasserting the supervisor liability claim.

### e.      Plaintiff's Conspiracy Claim

The Court incorporates by reference the Magistrate Judge's reasoning with

respect to Plaintiff's conspiracy claim.  The pleadings are plainly deficient.  Plaintiff must

also correct and buttress these allegations.

Accordingly, the Court adopts the reasoning in the Recommendation as to this

claim.  The Court dismisses the claim **without prejudice** and **grants leave** to Plaintiff to

refile an Amended Complaint on this claim.

### f.      Compensatory Damages

The Court incorporates by reference the Magistrate Judge's reasoning with

respect to compensatory damages dismissing such relief.  Plaintiff has pled no physical

18

injury.   A prisoner is barred from bringing a civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury."  *See Turner v. Schultz*, 130 F. Supp. 2d 1216, 1222-23 (D. Colo. 2001) ("[A]lthough claims for mental and emotional distress can be brought pursuant to § 1983, . . . under § 1997e(e) of the PLRA, which provides that 'such a suit cannot stand unless the plaintiff has suffered a physical injury in addition to mental or emotional harms.'") (quoting *Perkins v. Kansas Department of Corrections*, 165 F.3d 803, 807 (10th Cir. 1999)).

Because Plaintiff's allegations do not suggest any physical harm attributed to the alleged constitutional violations, his claim for compensatory damages is properly dismissed.  Leave to amend is granted, but the Court notes that Plaintiff would need to plead some level of physical harm to sustain further Rule 12(b)(6) challenges.[10]

### g.    Punitive Damages

To claim punitive damages, Mr. Owen must claim that Defendants acted with an evil intent or with reckless indifference.  *Smith v. Wade*, 461 U.S. 30, 56 (1983).  Plaintiff has not pled this, although there is a good deal of speculation that could be drawn from the Amended Complaint that this is what Plaintiff intended.  Though, mere speculation is not enough.  *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247–48.  (10th Cir. 2008)

---

[10] For further discussion regarding the level of physical harm, this Court has recently laid out the relevant authorities. *See Al-Turki v. Robinson,* 2013 WL 58917, at *5 (D.Colo., Feb. 14, 2013.) ("Although the Tenth Circuit has not clarified the precise outlines of the PLRA's physical injury requirement, courts outside this circuit have held that, although a *de minimis* showing of physical injury is insufficient, an injury need not be significant to satisfy the statutory requirement. See *Mitchell v. Horn*, 318 F.3d 523, 536 (3rd Cir. 2003); *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002); *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999); *Liner v. Goord*, 196 F.3d 132, 135 (2d Cir. 1999); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *see also Clifton v. Eubank*, 418 F. Supp. 2d 1243, 1245-46 (D. Colo. 2006).')

(stating that "allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.")  The Court thus adopts this conclusion from Magistrate Judge's Recommendation.

The Court does note, however, that perhaps one of the problems as to why the relief has not been pled properly is because the section on the *pro forma* complaint that allows a prisoner-plaintiff to insert his prayer of relief, is quite condensed.  (ECF No. 28-1 at 13.)  While the *pro forma* document does say "use extra paper" if there is not enough space to state the prisoner's purported relief, a more prudent approach would be to provide more space on the page in the first place.  In a post-*Iqbal* environment, where notice pleading standards have been heightened (and require greater particularity), the provision of more space on the *pro forma* document would undoubtedly comport with the recent *Iqbal* developments laid out by the Supreme Court.

Notwithstanding this, Plaintiff's claim for punitive damages remains factually deficient and should be dismissed without prejudice.  Leave to amend is granted.

### h.    Qualified Immunity

The Magistrate Judge also addressed the issue of qualified immunity in the Recommendation because Defendants in their individual capacities raised this defense. *See Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007).

With regard to the qualified immunity reasoning, the Recommendation stated that because Plaintiff failed to state a claim under the Rule 12(b)(6) standard, there was no alleged constitutional violation.  (ECF No. 31 at 19.)  As such, the qualified immunity analysis was (1) disposed of on the first prong of that analysis; and (2) the Magistrate Judge found no need to reach the "clearly established" prong of qualified immunity to

20

conclude that Mr. Owen's claims fail. *Wilder v. Turner*, 490 F.3d 810, 815 (10th Cir. 2007) (instructing district court on remand to enter judgment in favor of defendant on basis of qualified immunity, where plaintiff failed to carry his burden to show violation of a constitutional right).

Here, and while there is no claim sufficiently pled in Plaintiff's operative Complaint, the Court has granted Plaintiff leave to amend his claims with respect to the Equal Protection Clause, among others.  Were Defendant to file another Motion to Dismiss, directed at Plaintiff's refiled complaint, the issue of qualified immunity will undoubtedly be raised again, and the Magistrate Judge will need to consider this defense anew.

## IV.  CONCLUSION

For the reasons set forth above, the Court affirms the Magistrate Judge's Recommendation. (ECF No. 31) and ORDERS as follows:

1.     The Court DENIES Defendant's Motion to Dismiss (ECF No. 15) in part and GRANTS in part;

2.     The Plaintiff's Objection is OVERRULED and Magistrate Judge's Order, dismissing the claims for lack of subject matter jurisdiction to the extent that Plaintiff is suing Defendants who are state employees in their official capacities for money damages pursuant to Rule 12(b)(1), is AFFIRMED. (ECF No. 31.);

3.     The Plaintiff's Objection is OVERRULED and Magistrate Judge's Order dismissing the claims for failure to state a claim pursuant to Rule 12(b)(6) is AFFIRMED. (ECF No. 31.);

21

4.      Plaintiff's Amended Complaint (ECF No.28) is DISMISSED WITHOUT

PREJUDICE and he is GRANTED leave to amend with respect to claims

(a), (c), (d) and (e);, and claim (b) is dismissed with prejudice;

5.      Plaintiff's Claim (b) is DISMISSED WITH PREJUDICE; and

6.      Plaintiff will have until no later than April 26, 2013 to file an Amended

Complaint consistent with what has been stated in this Order. Any request

for an extension of time will be denied unless good cause is shown.[11]

Dated this 22nd day of March, 2013.

BY THE COURT:

_____

William J. Martínez
United States District Judge

---

[11] As to the issue of compensatory and punitive damages, the Court denies these forms of relief for the reasons stated in this Order. These prayers for damages will need to be reconsidered, however, upon the filing of the Amended Complaint.

22