IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00094-RM-CBS

TERRY OWEN,
  Plaintiff,
v.

ANGEL MEDINA,
J. FALK,
JOHN REILLY, and
WILLIAM RUSHER,
  Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

  This civil action comes before the court on Defendants' "Motion to Dismiss Amended Complaint."   Pursuant to the Order Referring Case dated April 24, 2012 (Doc. # 12) and the memorandum dated July 31, 2013 (Doc. # 59), this matter was referred to the Magistrate Judge.   The court has reviewed the Motion, Mr. Owen's "Motion to Object to Defendants' Motion to Dismiss Amended Complaint" ("Response") (filed November 6, 2013) (Doc. # 64), the Preliminary Scheduling Conference held on July 30, 2012, the Status Conference held on October 11, 2012, the pleadings, the entire case file, and the applicable law and is sufficiently advised in the premises.

I.  Statement of the Case

  Plaintiff Terry Owen is currently incarcerated at the Sterling Correctional Facility of the Colorado Department of Corrections ("CDOC").   Proceeding *pro se*, Mr. Owen filed suit on January 13, 2012 pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his

constitutional rights under the First Amendment, Equal Protection Clause, and the Due

Process Clause.   (*See* initial Prisoner Complaint (Doc. # 1)).   Mr. Owen was permitted to file

his Amended Complaint on December 18, 2012.   (*See* Doc. # 33).

On June 22, 2012, Defendants moved to dismiss Mr. Owen's claims under Fed. R. Civ.

P. 12(b)(1) and 12(b)(6).   (*See* Doc. # 15).   The Magistrate Judge issued a Recommendation

that Defendants' Motion be granted and that the Amended Complaint be dismissed.   (*See*

Doc. # 31).   On March 22, 2013, District Judge Martinez granted in part Defendants' Motion to

Dismiss, dismissed Mr. Owen's due process claim with prejudice, dismissed Mr. Owen's First

Amendment, Equal Protection, supervisor liability, conspiracy, compensatory damages, and

punitive damages claims without prejudice, and granted Mr. Owen leave to amend all but his

due process claim.   (*See* Doc. # 42 at 7-22 of 22).   Mr. Owen filed his Second Amended

Complaint ("SAC") on June 27, 2013.   (*See* Doc. # 53*).* Defendants filed their Motion to

Dismiss the SAC and on November 6, 2013 Mr. Owen filed his Response.   (*See* Docs. # 58, #

64).

Mr. Owen's allegations arise from events that occurred on September 15, 2010 at the

Limon Correctional Facility ("LCF") of the CDOC.   (*See* Doc. # 53 at 2-3 of 7).   He alleges

that on September 15, 2010, he was terminated from his job at Colorado Correctional

Industries ("CCi") in retaliation for refusing to be voluntarily moved to the Incentive Unit, that he

grieved his termination on September 29, 2010, and that he was moved to a different housing

unit in retaliation for filing the grievance.   (*See id.* at 3-4, 6 of 7).   Mr. Owen alleges that

Defendants violated his First Amendment rights, his Fourteenth Amendment right to equal

protection, and conspired to violate these rights.   (*See id.* at 3-6 of 7).[1]


II.    Standard of Review

Defendants move to dismiss the SAC pursuant to Fed. R. Civ. P. 12(b)(6), arguing that

Mr. Owen fails to state a claim upon which relief can be granted.   The court "must accept all

the well-pleaded allegations of the complaint as true and must construe them in the light most

favorable to the plaintiff."   *Alvarado v. KOB-TV, L.L.C.*, 493 F. 3d 1210, 1215 (10th Cir. 2007)

(internal quotation marks and citation omitted).   To withstand a motion to dismiss, a complaint

must contain enough allegations of fact "to state a claim to relief that is plausible on its face."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   The burden is on the plaintiff to

frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is

entitled to relief.   *Id.*, at 556.   "Factual allegations must be enough to raise a right to relief

above the speculative level."   *Id.*, at 555.

Because Mr. Owen appears *pro se*, the court "review[s] his pleadings and other papers

liberally and hold[s] them to a less stringent standard than those drafted by attorneys."

*Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).

*See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se*

complaint "to less stringent standards than formal pleadings drafted by lawyers").   However, a

court may not assume that a plaintiff can prove facts that have not been alleged, or that a

defendant has violated laws in ways that a plaintiff has not alleged.   *See Gallagher v. Shelton*,

---

[1]   An amended complaint supersedes the original complaint, rendering it of no legal effect and
waiving all causes of action alleged in the original complaint but not alleged or incorporated
into the amended complaint.   *See Davis v. TXO Production Corp.*, 929 F.2d 1515, 1517 (10th
Cir. 1991) ("[i]t is well established that an amended complaint ordinarily supersedes the

587 F.3d 1063, 1067 (10th Cir. 2009) (court's role is not to act as pro se litigant's advocate);

*Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not

"supply additional factual allegations to round out a plaintiff's complaint");   *Drake v. City of*

*Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or

theories for the plaintiff in the absence of any discussion of those issues").


III.    Analysis

        Title 42 U.S.C. § 1983 creates a cause of action where a   "person . . . under color of

any statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be

subjected, any citizen of the United States or other person . . . to the deprivation of any rights,

privileges or immunities secured by the Constitution."   Section 1983 does not create any

substantive rights; rather, it creates only a remedy for violations of rights secured by federal

statutory and constitutional law.   *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600,

616-18 (1979).   To establish a claim under § 1983, a plaintiff must prove he was deprived of a

right secured by the Constitution or laws of the United States and that the alleged deprivation

was committed under color of law.   *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40,

49-50 (1999).

        Mr. Owen does not specify whether he is suing Defendants in their individual capacities,

their official capacities, or both.   (*See* Doc. # 53).   District Judge Martinez dismissed without

prejudice for lack of subject matter jurisdiction pursuant to the Eleventh Amendment and Fed.

R. Civ. P. 12(b)(1) any claim brought against Defendants who are state employees in their

official capacities for money damages.   (*See* Doc. # 42 at 21 of 22).   The Eleventh

_____

original and renders it of no legal effect") (internal quotations marks and citations omitted).

Amendment does not always bar actions in federal court seeking injunctive relief against state

officials.  *See Ex parte Young*, 209 U.S. 123, 159-60 (1908) (holding that the Eleventh

Amendment generally does not bar official-capacity claims seeking prospective injunctive relief

from a state official). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 n. 10

(1989) ("Of course a state official in his or her official capacity, when sued for injunctive relief,

would be a person under § 1983 because official-capacity actions for prospective relief are not

treated as actions against the State.") (internal quotation marks and citation omitted).   Nor

does the Eleventh Amendment bar actions for damages against state officials in their

individual capacities.   *See Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985).   To the extent

that Mr. Owen is suing Defendants in their individual capacities, personal capacity suits seek

to impose personal liability upon a government official for actions he or she takes.   *Graham*,

473 U.S. at 165-67.   The court proceeds to evaluate whether Mr. Owen states any claim

against Defendants in their individual capacities or in their official capacities for injunctive

relief.


A.     Plaintiff's Claim for Violation of First Amendment Rights

         Prison officials may not retaliate against or harass an inmate because of
the inmate's exercise of his constitutional rights . . . even where the action taken
in retaliation would be otherwise permissible.   Equally so, [I]t is not the role of
the federal judiciary to scrutinize and interfere with the daily operations of a state
prison, and the [judiciary's] retaliation jurisprudence does not change this role.
         Therefore, an inmate claiming retaliation against a prison employee must
allege specific facts showing retaliation because of the exercise of the prisoner's
constitutional rights.   [A] plaintiff must prove that but for the retaliatory motive,
the incidents to which he refers, including the disciplinary action, would not have
taken place. . . .
         A retaliation claim entails three elements: (1) that the plaintiff engaged in
constitutionally protected conduct; (2) that an adverse action was taken against
the plaintiff; and, (3) a causal connection between the plaintiff's protected

conduct and the adverse action.   As to the third element, a plaintiff must specifically show that but for the retaliatory motive, the incidents would not have occurred.

(*See* Doc. # 42 at 7-8 of 22) (internal quotation marks and citations omitted).


1.      Termination of Prison Industries Job

With respect to the first alleged act of retaliation based on Mr. Owen's refusal to voluntarily move to the incentive unit, District Judge Martinez agreed that "[o]n the facts pled" in the Amended Complaint, Mr. Owen "cannot establish that his activity was a protected one." (*See* Doc. # 42 at 8 of 22).   Judge Martinez "observe[d] that element (3) is also deficient, and more factual content is required to support the sufficiency of that element for the purposes of satisfying Rule 12(b)(6)."   (*See id.* at n. 4).   Judge Martinez granted Mr. Owen "leave to amend this claim, provided he can indicate that there is Tenth Circuit authority that squarely supports his claim going to the first act of retaliation" and directed that "Plaintiff must indicate this authority in the [Second] Amended Complaint."   (*See id.*).

In the SAC, Mr. Owen alleges that he was fired from his CCi job in retaliation for his activity of "voic[ing] his opinion . . . that the incentive unit . . . was nothing but a safe haven for sex offenders that were not program compliant under Colorado State law . . . ."   (*See* Doc. # 53 at 3 of 7).   Mr. Owen does not cite any Tenth Circuit authority that establishes that "his activity [of voicing his opinion about the incentive unit] was a protected one."   (*See* Doc. # 42 at 8 of 22;   *see also* Order and Recommendation of United States Magistrate Judge (Doc. # 31) at 9 of 21 ("Mr. Owen's claim based on termination from his prison job fails as a matter of law because his comments about the incentive unit were not protected conduct . . . A

retaliation claim does not arise when prisoner does not have a protected interest in the underlying activity.") (citation omitted)).   Mr. Owen's claim that he was fired from his prison job in retaliation for refusing to voluntarily move to the incentive unit fails for lack of a constitutionally protected activity.

Nor do Mr. Owen's allegations show that "but for" his statement of his opinion about the incentive unit, he would not have been terminated from his job at CCi.   (See Doc. # 42 at 7-8 of 22 (citing *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998)).   Mr. Owen does not specifically allege which Defendant was present at the September 15, 2012 meeting when he stated his opinion about the incentive unit or which Defendant fired him.   (See Doc. # 53 at 2-3 of 7).   "[M]ere speculation is not enough."   (See Doc. # 42 at 19 of 22) (citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1247–48. (10th Cir. 2008) (stating that "allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.")   Further, the documents provided by Mr. Owen as attachments to his SAC indicate that he was not terminated from his job in CCi; rather, he became ineligible for a job in CCi due to his decision not volunteer for the incentive unit.   (*See* Doc. # 53-1 at 3-4 of 4).[2]   Mr.

---

[2]   In considering a Rule 12(b)(6) motion, a court must primarily consider the allegations contained in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). "[A] Rule 12(b)(6) motion is addressed to the face of the pleading. The pleading is deemed to include any document attached to it as an exhibit, Fed. R. Civ. P. 10(c), or any document incorporated in it by reference."   *Goldman v. Belden*, 754 F.2d 1059, 1065 (2d Cir. 1985).   In other words, only those documents that are specifically attached, or in some way integral to the complaint are to be considered by the court on a motion to dismiss. *See San Leandro Emergency Medical Group Profit Sharing Plan v. Philip Morris Companies, Inc.*, 75 F.3d 801, 808 (2d Cir. 1996); *see also GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (in addition to the complaint, the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.

Owen's claim based on the first alleged act of retaliation is properly dismissed with prejudice. (*See* Doc. # 42 at 4 of 22 ("He must 'fix' the deficiencies noted below; otherwise the Court will [have] no option but to dismiss any further iteration of his Complaint with prejudice.").

2.      Reassignment of Housing Unit

With respect to the second alleged act of retaliation based on Mr. Owen's reassignment to another living unit in retaliation for filing a grievance on September 29, 2010, District Judge Martinez agreed that the facts pled in the Amended Complaint "are insufficient under Rule 12(b)(6)" and granted Mr. Owen "leave to refile [a Second] Amended Complaint as to this claim." (*See* Doc. # 42 at 9 of 22).   Judge Martinez directed that Mr. Owen "must correct the pleadings and put further factual detail into the claim, . . . must keep in mind the framework of the three elements," and "should make his best efforts to align the alleged facts with the elements of the claim." (*See id.*).

In the SAC, Mr. Owen alleges that on September 17, 2010 he filed a grievance regarding his termination from his CCi job. (*See* Doc. # 53 at 3 of 7;   Doc. # 53-1 at 4 of 4). He alleges that on September 24, 2010, Defendant Rusher moved him "from living unit # 5 to living unit # 2 . . . in retaliation of my complaints and grievances." (*See* Doc. # 53 at 3 of 7). The filing of a prison grievance is protected by the First Amendment and satisfies the first element of a retaliation claim.   *See Duncan v. Magelssen*, No. 07-cv-01979-MSK-MEH, 2009 WL 712387, at *6 (D.Colo. March 16, 2009) ("It is well settled that prisoners' filing of grievances is activity protected by the First Amendment").[3]   However, Mr. Owen has not adequately alleged the second and third elements: an adverse action and retaliatory

motivation.

First, as Mr. Owen does not allege facts to show how living unit # 2's conditions are harsher or even different than those in living unit # 5, he has not alleged an adverse action. *Compare Walker v. Pataro*, No. 99CIV.4607(GDB)(AJP), 2002 WL 664040, at *8 (S.D.N.Y. April 23, 2002) (transfer to another housing unit that resulted in the loss of a job and a substantial reduction in a prisoner's hourly pay rate was substantial enough to deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights and to constitute an adverse action for a claim of retaliation) (citations omitted).

Next, for the third element of a retaliation claim, a plaintiff must specifically show that but for the retaliatory motive, the incidents would not have occurred.   *See Strope v. McKune*, No. 09-3283, 382 F. App'x 705, 710 (10th Cir. June 11, 2010) ("A prisoner claiming retaliation for exercising First Amendment rights must show that a retaliatory motive was the but-for cause of the challenged adverse action.") (citing *Peterson*, 149 F.3d at 1144 ("[A] plaintiff must prove that but for the retaliatory motive, the incidents to which he refers, . . . would not have taken place.") (internal quotation marks and citation omitted)). The inmate must plead specific facts demonstrating the causal connection.   *Peterson*, 149 F.3d at 1144.   "[I]t is imperative that [a] plaintiff's pleading be factual and not conclusory.   Mere allegations of constitutional retaliation will not suffice; plaintiffs must, rather, allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights."   *Frazier v. Dubois*, 922 F.2d 560, 562 n. 1 (10th Cir. 1990).

Mr. Owen alleges that Defendant Rusher changed his housing assignment on September 24, 2010, soon after his filed the grievance on September 17, 2010.   (*See* Doc. #

─────────────────────

[3] Copies of unpublished cases cited are attached to this Recommendation.

53 at 3 of 7*)*.   Aside from the temporal proximity of his grievance to his reassignment to living

unit # 2, Mr. Owen does not allege any other facts or circumstances.   Temporal proximity

between protected activity and a challenged prison action does not, in itself, demonstrate the

causal nexus for a retaliation claim.   *See Friedman v. Kennard*, No. 07-4116, 248 F. App'x

918, 922 (10th Cir. Sept. 25, 2007) (citing cases) ("Standing alone and without supporting

factual allegations, temporal proximity between an alleged exercise of one's right of access to

the courts and some form of jailhouse discipline does not constitute sufficient circumstantial

proof of retaliatory motive to state a claim.").   *Cf. Smith v. Maschner*, 899 F.2d 940, 949 (10th

Cir. 1990) (reversing summary judgment because "circumstantial evidence of the suspicious

timing of [plaintiff's] discipline, coincidental transfers of his witnesses and assistants, and an

alleged pattern by defendants of blocking his access to legal materials and assistance" was

sufficient to create a jury question on plaintiff's retaliation claim).   Mr. Owen does not allege

that Defendant Rusher had any knowledge of his grievances.   Mr. Owen's grievances do not

indicate that Defendant Rusher participated in the grievance process.   (*See* Doc. # 53-1 at

1-4 of 4).   To state a claim for retaliation, Mr. Owen must do more than simply state that he

made complaints and was subsequently assigned to another housing unit.   *See Babcock v.*

*White*, 102 F.3d 267, 275 (7th Cir.1996) ("ultimate question is whether events would have

transpired differently absent the retaliatory motive") (citation omitted).   Mr. Owen does not

adequately plead that Defendant Rusher acted based on any retaliatory motive or that but for

a retaliatory motive based on his filing of the grievance, he would not have been moved to

another his living unit.    As Mr. Owen has not sufficiently alleged the second and third

elements, his retaliation claim is properly dismissed.

B.      Claim for Violation of Fourteenth Amendment Equal Protection Rights

The fundamental guarantee of the Equal Protection Clause is that "all persons similarly situated shall be treated alike."   *Kerr v. Hickenlooper*, 880 F. Supp. 2d 1112, 1155 (D. Colo. 2012) (citation omitted).   The Equal Protection Clause "does not forbid classifications," but "simply keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike."   *Furling Enterprises, LLC v. Nickerson*, 785 F.Supp.2d 970, 979 (D. Colo. 2011) (citation omitted).   "To establish an Equal Protection claim, Plaintiff must show: (1) that Defendants acted with discriminatory intent; (2) Plaintiff is similarly situated to other inmates who were treated differently, and (3) the difference in treatment bears no rational relationship to legitimate penological objectives of the prison."   (*See* Doc. # 42 at 12-13 of 22 ) (citation omitted).   *See also Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994) (where an equal protection claim is not based on a suspect classification or membership in a protected class, the plaintiff must allege sufficient facts to establish that "the distinction between himself and other inmates was not reasonably related to some legitimate penological purpose").

Judge Martinez found that Mr. Owen pled sufficient facts in the Amended Complaint to support elements (1) and (2).   (*See* Doc. # 42 at 13-14 of 22).   "[W]ith respect to element (3), the Court agrees with the Magistrate Judge that Plaintiff has not sufficiently pled this requirement."   (*See id.* at 16 of 22).   "The pleading is deficient (at least in form) because there is no reference to the lack of penological objectives and the tying of such objectives to how Plaintiff was treated differently from others."   (*See id.*).   Judge Martinez dismissed the claim without prejudice and granted Mr. Owen leave "to refile an Amended Complaint with

regard to his Equal Protection claim." (*See* Doc. # 42 at 17 of 22).   Judge Martinez directed

that "Plaintiff should specifically address element (3) of the Equal Protection Claim—*i.e.* he

needs to provide sufficient facts as whether there were any penological objectives that would

not support Defendants' reason for firing him from the garment factory." (*See id.*).

In the SAC, Mr. Owen alleges that of 34 inmates who worked in the CCi garment

factory who were asked to volunteer for the incentive unit, "6 workers said they did want to

volunteer for the incentive unit, 28 of us workers said we chose not to volunteer for the

incentive unit." (*See* Doc. # 53 at 2 of 7).   "Capt. Rusher said, anyone who does not fill out

an application to volunteer for the incentive unit would be fired." (*See id.*).   He further

alleges:

> 1)   Because I did not want to be housed with sex offenders I was intentionally discriminated against.
>
> 2)   My treatment was not reasonable nor related to management or some legitimate penological purpose.
>
> 3)   The distinction between myself and the other inmates was that I made comments concerning my opinion regarding sex offenders and I respectfully declined to volunteer for the voluntary incentive unit.
>
> 4) It was for these comments that I received different treatment than other inmates that were similarly situated, the similarities were that we all met the criteria set forth in AR 650-01, which sets out the requirements that each of us was required to meet for acceptance for the voluntary incentive program, and but for my comments and my respectfully choosing not to volunteer for the voluntary program, I would never have been treated differently from the others.
>
> 5)   The C. I. Garment Factory is a separate entity, whose goal is not rehabilitation, the garment factory[']s goal is manufacturing, sales and production of merchandise, and has nothing to do with the program[m]ing, housing placement or cell assignment of me, therefore the difference in treatment and the firing of me bears no rational relationship to legitimate penological objectives of the prison.

(See Doc. # 53 at 4-5 of 7).   (*See id.*).

Judge Martinez recognized Mr. Owen's claim as a "class of one" equal protection claim. (See Doc. # 42 at 14 of 22).   To succeed on a class-of-one equal protection claim, Mr. Owen must allege that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."   *Rocha v. Zavaras*, No. 11-1132, 443 F. App'x 316, 319 (10th Cir. Sept. 26, 2011) (internal quotation marks and citation omitted).   This difference in treatment must be "without rational basis, that is, the government action was irrational and abusive and wholly unrelated to any legitimate state activity."   *Id.* (citing *Mimics, Inc. v. Village of Angel Fire*, 394 F.3d 836, 848–49 (10th Cir. 2005) (plaintiff may bring an equal protection claim as a "class of one" by proving that she was "singled out for persecution due to some animosity . . . wholly unrelated to any legitimate state activity")) (internal quotation marks omitted).

Mr. Owen alleges that Defendants applied a prison regulation to him and no one else. (*See* Doc. # 53 at 5 of 7 ("the similarities were that we all met the criteria set forth in AR 650-01, which sets out the requirements that each of us was required to meet for acceptance for the voluntary incentive program, and but for my comments and my respectfully cho[o]sing not to volunteer for the voluntary program, I would never have been treated differently from the others.")).   Mr. Owen argues that AR 650-01 was applied to him in September of 2010 before its effective date of May 1, 2012.   (*See* Doc. # 64 at 3 of 7).   He alleges that CCi is independent of the incentive living unit and that removal from his job in the garment factory was not rationally related to any penological purpose.   What Mr. Owen alleges in the SAC appears sufficient in light of the allegations that Judge Martinez previously found sufficient to

state an equal protection claim.   As to Mr. Owen's equal protection claim, Defendants' Motion is properly denied.

C.   Defendants Medina and Falk

District Judge Martinez granted Mr. Owen leave to "refile an Amended Complaint reasserting the supervisor liability claim."   (*See* Doc. # 42 at 18 of 22).   Judge Martinez explained "that a claim for supervisor liability requires detailed factual allegations that are clearly deficient in what he has already pled.   Unless those deficiencies are corrected in the next iteration of his Complaint pursuant to this Order, the Court will have no choice but dismiss the claim with no further opportunity to amend."   (*See id.*).

Individual liability under § 1983, regardless of the particular constitutional theory, must be based upon personal responsibility.   *See Foote v. Spiegel*, 118 F.3d 1416, 1423-24 (10th Cir. 1997) (individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation) (citation omitted);   *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (personal participation is an essential allegation in a civil rights action) (citation omitted);   *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1157 (10th Cir. 2001) (for § 1983 claim, affirmative link between the defendant's conduct and any constitutional violation "must be alleged in the complaint as well as proven at trial").   The Tenth Circuit Court of Appeals has summarized the parameters of supervisory liability under § 1983.

> Under § 1983, government officials are not vicariously liable for the misconduct of their subordinates. There is no concept of strict supervisor liability under § 1983. This does not mean that a supervisor may not be liable for the injuries caused by the conduct of one of his subordinates. It does mean that his liability is not vicarious, that is, without fault on his part.

14

Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights. To establish supervisor liability under § 1983, it is not enough for a plaintiff merely to show a defendant was in charge of other state actors who actually committed the violation. Instead, the plaintiff must establish a deliberate, intentional act by the supervisor to violate constitutional rights. In short, the supervisor must be personally involved in the constitutional violation, and a sufficient causal connection must exist between the supervisor and the constitutional violation.

In order to establish a § 1983 claim against a supervisor for the unconstitutional acts of his subordinates, a plaintiff must first show the supervisor's subordinates violated the constitution. Then, a plaintiff must show an affirmative link between the supervisor and the violation, namely the active participation or acquiescence of the supervisor in the constitutional violation by the subordinates. . . .

*Serna v. Colorado Dep't. of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006) (internal quotation marks and citations omitted).

Defendants Medina and Falk argue that Mr. Owen fails to plead sufficient facts to support an inference that they had any personal participation in or any supervisory liability for the alleged violations of his constitutional rights.   The entirety of Mr. Owen's allegations against Defendant Medina is that: (1) "[i]n June 2010 and thru out [sic] the summer months defendants Warden Angel Medina and Capt. William Rusher frequented the C.I. Garment Factory meeting with defendant John Reilly, after meetings they would try to encourage us into volunteering for the voluntary incentive program," and (2) "Defendant Warden Angel Medina, who knowingly and with knowledge of violations against my protected constitutional rights, acted in complicity, and as an accomplice when he failed to remedy retaliation and violations of my constitutional rights."   (*See* Doc. # 53 at 5-6 of 7).   Mr. Owen fails to allege that Defendant Medina had any role in terminating him from his prison employment or in changing his housing assignment.   He alleges only that Defendant Medina failed to remedy past violations of his constitutional rights.   (*See id.*).   Mr. Owen does not plead that Defendant

Medina had contemporaneous knowledge of the alleged unconstitutional actions, that he engaged in any specific conduct that gave rise to the alleged constitutional violations, or in any way directed or caused the alleged unconstitutional actions.

Mr. Owen alleges that Defendant Falk merely responded to his Step 2 grievance. (*See* Doc. # 53 at 3, 6 of 7;  Doc. # 53-1 at 3 of 4).   Denial of a grievance or failure to properly investigate or process grievances, without any connection to the violation of constitutional rights alleged by the plaintiff, is not sufficient to establish personal participation for purposes of a Section 1983 claim.   *Sherratt v. Utah Dept. of Corrections*, No. 13-4061, --- F. App'x ----, 2013 WL 5737700 (10th Cir. Oct. 23, 2013) (citations omitted).   *See also George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.");   *Arocho v. Nafziger*, No. 09-1095, 367 F. App'x 942, 955 (10th Cir. March 1, 2010) (Tenth Circuit Court of Appeals "has repeatedly held . . . that the denial of . . . grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citations omitted).   As Mr. Owen has not stated factual allegations in the SAC that correct the deficiencies that Judge Martinez recognized in the Amended Complaint, his claims against Defendants Medina and Falk are properly dismissed

D.    Conspiracy Claim

District Judge Martinez "incorporate[d] by reference the Magistrate Judge's reasoning with respect to Plaintiff's conspiracy claim," stating that "[t]he pleadings are plainly deficient" and "Plaintiff must also correct and buttress these allegations."   (*See* Doc. # 42 at 18 of 22).

Judge Martinez dismissed Mr. Owen's conspiracy claim without prejudice and granted him leave to file a Second Amended Complaint.   (*See id.*).

First, the court having concluded that Mr. Owen does not state an actionable claim for violation of his First Amendment rights, absent an underlying claim, he cannot state a claim for conspiracy to violate those rights.   *Thompson v. City of Lawrence, Kan.*, 58 F.3d 1511, 1517 (10th Cir. 1995) ("In order to succeed on [a § 1983 conspiracy] claim," the plaintiff "must prove both the existence of a conspiracy and the deprivation of a constitutional right.   We have already determined, however, that [the plaintiff] has failed to establish the existence of any constitutional violations.   Since an essential element of the conspiracy claim is absent, the allegation fails.") (citation omitted).   *See also Jones v. Clinton*, 990 F. Supp. 657, 676 (E.D. Ark. 1998) ("absent an underlying violation of federal law, there can be no actionable claim alleging a [§ 1985] conspiracy to achieve that end").

Even based on an underlying equal protection claim, Mr. Owen's allegations are insufficient to state a claim for conspiracy.   Mr. Owen alleges merely that Defendants "acted in complicity, and each played a part in the conspiracy."   This bare allegation fails to support the existence of any of the elements of a conspiracy.   "[A] plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants. . . . Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim."   *Allen v. Dawson*, No. 11-cv-02251-CMA-MJW, 2012 WL 2884802, at * 13 (D. Colo. June 21, 2012) (citing *Jorgensen v. Montgomery*, No. 06-cv-00853-MSK-BNB, 2008 WL 216398, at *2 (D.Colo. Jan. 24, 2008) ("[A] plaintiff must allege specific facts which show both an agreement to deprive the plaintiff of his legal rights, as well as concerted action among the defendants. . . .") (citations

17

omitted).   *See also Crabtree By and Through Crabtree v. Muchmore*, 904 F.2d 1475, 1481

(10th Cir. 1990) ("[T]he rule is clear that allegations of conspiracy must provide some factual

basis to support the existence of the elements of a conspiracy: agreement and concerted

action.").   Mr. Owen does not allege any specific communication, agreement, cooperation, or

concerted action from which a conspiracy between the Defendants could be inferred.   *See*

*Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989) ("Because plaintiff failed to allege

specific facts showing agreement and concerted action among defendants, the district court

properly dismissed the conspiracy claim with prejudice.").   Mr. Owen provides no facts to

support even an inference that some plan or joint action existed between or among any the

Defendants.   Mr. Owen's conclusory allegation of conspiracy fails to state a claim for which

relief can be granted.


E.      Compensatory and Punitive Damages

        With respect to Mr. Owen's claim for compensatory damages in the Amended

Complaint, District Judge Martinez "incorporate[d] by reference the Magistrate Judge's

reasoning with respect to compensatory damages dismissing such relief."   (*See* Doc. # 42 at

18-99 of 22).   "Because Plaintiff's allegations do not suggest any physical harm attributed to

the alleged constitutional violations, his claim for compensatory damages is properly

dismissed. Leave to amend is granted, but the Court notes that Plaintiff would need to plead

some level of physical harm to sustain further Rule 12(b)(6) challenges.   (*See id.* at 19 of 22).

As to Mr. Owen's claim for punitive damages in the Amended Complaint, Judge Martinez

determined that "Plaintiff's claim for punitive damages remains factually deficient and should

be dismissed without prejudice" and that "[l]eave to amend is granted."   (*See* Doc. # 42 at

18-99 of 22).

In his Second Amended Complaint, Mr. Owen does not allege any specific request for

compensatory or punitive damages, much less any "level of physical harm" for purposes of

compensatory damages or any factual basis for punitive damages.   (*See* Doc. # 53).   His

allegations are not sufficient to support any claim for compensatory or punitive damages.


F.     Qualified Immunity

"Were Defendant to file another Motion to Dismiss, directed at Plaintiff's refiled

complaint, the issue of qualified immunity will undoubtedly be raised again, and the Magistrate

Judge will need to consider this defense anew."   (*See* Doc. # 42 at 21 of 22).

Defendants in their individual capacities raise the defense of qualified immunity.   Whether a

defendant is entitled to qualified immunity is a legal question.   *Wilder v. Turner*, 490 F.3d 810,

813 (10th Cir. 2007).

> Resolution of a dispositive motion based on qualified immunity involves a
> two-pronged inquiry. First, a court must decide whether the facts that a plaintiff
> has alleged or shown make out a violation of a constitutional right. Second, . . .
> the court must decide whether the right at issue was clearly established at the
> time of the defendant's alleged misconduct.

*Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009) (internal quotation marks

and citations omitted).   "A reviewing court may exercise [its] sound discretion in deciding

which of the two prongs of the qualified immunity analysis should be addressed first in light of

the circumstances in the particular case at hand."   *Id.* "Qualified immunity is applicable

unless" the plaintiff can satisfy both prongs of the inquiry. *Id.*

Once a defendant asserts the defense of qualified immunity, the burden shifts to the plaintiff to show that (1) the defendant violated a constitutional or statutory right and (2) the constitutional or statutory right was clearly established when the alleged violation occurred. *Verdecia v. Adams*, 327 F.3d 1171, 1174 (10th Cir. 2003).   As the court concludes that Mr. Owen states a claim to which relief can be granted for an equal protection violation, Defendants named in their individual capacities in that claim are not entitled to qualified immunity at this stage of the litigation.

Accordingly, IT IS RECOMMENDED that:

1.      Defendants' "Motion to Dismiss Amended Complaint" (filed July 31, 2013) (Doc. # 58) be GRANTED IN PART AND DENIED IN PART.

2.      Defendants Medina and Falk be dismissed from this action for failure to state a claim to which relief can be granted against them.

3.      Mr. Owen's claims for retaliation based on the First Amendment, supervisor liability, and conspiracy be dismissed for failure to state a claim to which relief can be granted.

4.      This case proceed only on Mr. Owen's claim for violation of his equal protection rights under the Fourteenth Amendment against Defendants Reilly and Rusher to the extent that they are sued in their individual capacities and in their official capacities for injunctive relief.[4]

---

[4]      Mr. Owen's claims against Defendants in their official capacities for money damages were previously dismissed without prejudice as barred by the Eleventh Amendment and were

**Advisement to the Parties**

Within **fourteen days** after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);   *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.   "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."   *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).   Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.   *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);   *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).   *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests

---

not revived by Mr. Owen in the Second Amended Complaint.

of justice require review).

DATED at Denver, Colorado, this 31st day of December, 2013.

BY THE COURT:


_____s/Craig B. Shaffer_____
United States Magistrate Judge