**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 12-cv-00094-RM-CBS

TERRY OWEN,

    Plaintiff,

v.

ANGEL MEDINA,
J. FALK,
JOHN REILLY, and
WILLIAM RUSHER,

    Defendants.

---

**ORDER OVERRULING PLAINTIFF'S OBJECTION (ECF No. 74) TO MAGISTRATE JUDGE'S RECOMMENDATION (ECF No. 69)**

---

This matter is before the Court on United States Magistrate Judge Craig B. Shaffer's recommendation (the "Recommendation") (ECF No. 69) to grant in part and deny in part Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 58). Plaintiff Terry Owen ("Plaintiff") objected to the Recommendation (the "Objection") (ECF No. 74). Upon consideration of the Recommendation and for the reasons stated herein, the Court overrules the Objection and adopts the Recommendation in its entirety as an order of this Court.

I.  PROCEDURAL HISTORY

   A. **Dismissal of Complaint (ECF No. 1) and Amended Complaint (ECF Nos. 28-1 and 33).[1]**

Plaintiff is currently incarcerated at the Sterling Correctional Facility of the Colorado Department of Corrections ("CDOC"). Proceeding *pro se*, he filed suit on January 13, 2012, pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights under the First Amendment, the Equal Protection Clause, and the Due Process Clause. (See initial prisoner Complaint (ECF No. 1)). On June 22, 2012, Defendants moved to dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (ECF No. 15.) Magistrate Judge Shaffer then issued a recommendation ("First Recommendation"), in which he granted Plaintiff leave to file an amended complaint, and construed Defendants' motion to dismiss (ECF No. 15) as directed against the amended complaint. (ECF No. 31.) The Magistrate Judge recommended that the motion be granted and the amended complaint be dismissed. Plaintiff then filed a response to the First Recommendation (titled, "Response to Order and Recommendation of United States Magistrate Judge"), which, in actuality, was an objection to the First Recommendation. (ECF No. 41.)

On March 22, 2013, the Court overruled Plaintiff's objections and affirmed the Magistrate Judge Shaffer's First Recommendation.[2] (ECF No. 42.) The Court dismissed Plaintiff's due process claim with prejudice. Plaintiff's First Amendment, Equal Protection, supervisor liability, conspiracy, compensatory damages, and punitive damages claims were

---

[1] The tendered Amended Complaint (ECF No. 28-1) was accepted for filing and was docketed as the Amended Complaint (ECF No. 33) on 12/18/2012. The documents are the same.
[2] Judge William Martinez wrote this order, and this case was later reassigned to Judge Raymond Moore on May 1, 2013.

dismissed without prejudice. (*Id.* at 7–22.) However, the Court allowed Plaintiff leave to file an amended complaint as to all of his claims except his due process claim. The Court noted deficiencies which it required Plaintiff to address in the amended complaint. (*See id.*)

### B. Plaintiff's Second Amended Complaint (ECF No. 53) and the Recommendation (ECF No. 69) of Dismissal.

As allowed by the Court, Plaintiff filed another amended complaint (the "Second Amended Complaint") on June 27, 2013. (ECF No. 53.) Plaintiff's allegations arise from events that occurred on September 15, 2010, at the Limon Correctional Facility ("LCF") of the CDOC. (See ECF No. 53 at 2–3.) He alleges that on September 15, 2010, he was terminated from his job at Colorado Correctional Industries (CCI) in retaliation for refusing to move to the facility's incentive unit voluntarily, that he grieved his termination on September 29, 2010, and that he was moved to a different housing unit in retaliation for filing the grievance (*See id.* at 3–4.) Plaintiff alleges that Defendants violated his First Amendment rights, his Fourteenth Amendment right to equal protection, and conspired to violate these rights (*See id.* at 3–6.) Defendants then moved to dismiss under 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 58.)

Magistrate Judge Shaffer recommended granting in part, and denying in part, Defendants' Motion to Dismiss the Second Amended Complaint. (*Id*). He recommended dismissing Defendants Medina and Falk from the action for failure to state a claim for which relief can be granted against them; he recommended dismissing Plaintiff's claims for retaliation based on the First Amendment, supervisor liability, and conspiracy for failure to state a claim on which relief can be granted; and he recommended that this case proceed only on Plaintiff's claim for violation of his equal protection rights under the Fourteenth Amendment against Defendants

Reilly and Rusher—to the extent that they are sued in their individual capacities and in their official capacities for injunctive relief. (ECF No. 69.)

Plaintiff objected to the Magistrate Judge's recommendation. (ECF No. 74.) He asserts that 1) his retaliation claim based on the First Amendment should not be dismissed for failure to state a claim for which relief can be granted; 2) he cites sufficient facts to support a claim for conspiracy, and this claim should therefore not be dismissed; 3) Defendants Medina and Falk should not be dismissed from the action for failure to state a claim for which relief can be granted; and 4) he objects to the fact that this case proceeds only on his claim "for violation of his equal protection rights under the Fourteenth Amendment against Defendants Reilly and Rusher to the extent that they are sued in their individual capacities and their official capacities injunctive relief." (See *Id.* at 1–4.)

## II. LEGAL STANDARDS

### A. Review of the Magistrate Judge's Report and Recommendation.

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). An objection to a recommendation is proper if it is filed timely in accordance with the Federal Rules of Civil Procedure and specific enough to enable the "district judge to focus

attention on those issues—factual and legal—that are at the heart of the parties' dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

B.     **Standards for Dismissal under Fed. R. Civ. P. 12(b)(6).**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

C.     *Pro Se* **Status.**

Plaintiff is proceeding *pro se*. The Court, therefore, reviews his pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citation omitted). A *pro se* litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (stating a court may not supply additional factual

allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf) (citation omitted); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating a court may not construct arguments or theories for the plaintiff in the absence of any discussion of those issues) (citations omitted). Plaintiff's *pro se* status does not entitle him to application of different rules of civil procedure. *See Hall*, 935 F.2d at 1110; *Wells v. Krebs*, Case No. 10 CV 00023, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010) (citation omitted).

**D.     Claims under 42 U.S.C. § 1983.**

Title 42 U.S.C. § 1983 creates a cause of action where a "person…under color of any statute, ordinance, regulation, custom or usage, of any State…subjects, or causes to be subjected, any citizen of the United States or other person…to the deprivation of any rights, privileges or immunities secured by the Constitution." Section 1983 does not create any substantive rights; rather, it creates only a remedy for violations of rights secured by federal statutory and constitutional law. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 616–18 (1979). To establish a claim under § 1983, a plaintiff must prove he was deprived of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed under the color of state law. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999).

**III.     ANALYSIS**

This Court has reviewed the Recommendation, Plaintiff's Objection and all relevant pleadings and orders, and concludes that Magistrate Judge Shaffer's analysis on all issues was thorough and his conclusions were correct. As to those matters as to which objections were filed, this conclusion is based on the Court's *de novo* review.

### A.     First Amendment Retaliation Claims.

Plaintiff alleges two different acts of retaliation: 1) that his termination from his prison industries job was an improper retaliation for voicing his refusal to voluntarily move to the prison's incentive unit (the "first act"), and 2) that the prison facility improperly reassigned his housing—also in retaliation for his objecting to moving to the prison's incentive unit (the "second act"). In both instances, Plaintiff claims his First Amendment rights were violated. The Court will describe the proceedings below on both claims and then turn to Plaintiff's objection.

1. *Termination from Prison Industries Job.*[3]

With respect to the first alleged act of retaliation based on Plaintiff's refusal to voluntarily move to the incentive unit, Judge Martinez determined that "[o]n the facts pled" in the Amended Complaint, Plaintiff "cannot establish that his activity was a protected one." (ECF No. 42 at 8.) Finding Plaintiff's complaint deficient, Judge Martinez granted Plaintiff "leave to amend this claim, provided he can indicate that there is Tenth Circuit authority that squarely supports his claim going to the first act of retaliation" and directed that "Plaintiff must indicate this authority in the [Second] Amended Complaint." (*Id.*)

In the Second Amended Complaint, Plaintiff alleges that he was fired from his CCI job in retaliation for "voic[ing] his opinion…that the incentive unit…was nothing but a safe haven for sex offenders that were not program compliant under Colorado State law…" (ECF No. 53 at 3.) Magistrate Judge Shaffer recommended dismissing this claim in part because Plaintiff does not

---

[3] The analysis in this section is predicated on giving Plaintiff the benefit of the doubt that he was, in fact, "terminated" from his job. Plaintiff's attachments to his Second Amended Complaint indicate that he was never actually terminated from his job at CCI. Rather, he became ineligible for CCI after making a decision not to volunteer for the incentive unit—a distinction that has been noted previously in these proceedings. (See ECF No. 69 at 7; ECF No. 53–1 at 3–4.)

cite any Tenth Circuit authority establishing that "his activity [of voicing his opinion about the incentive unit] was a protected one," as Judge Martinez directed him. (See ECF No. 42.)

Magistrate Judge Shaffer also recommended dismissing the claim because Plaintiff's allegations do not show that "but for" his statement of his opinion about the incentive unit, he would not have been terminated from his job at CCI. (ECF No. 42 at 7–8.) *Walker v. Spence*, 2009 WL 3074612, at *6 (D. Colo. 2009) (A retaliation claim entails three elements: "(1) that the plaintiff engaged in constitutionally protected conduct; (2) that an adverse action was taken against the plaintiff; and (3) a causal connection between the plaintiff's protected conduct and the adverse action; *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (as to the third element, a plaintiff must specifically show that "but for" the retaliatory motive, the incidents would not have occurred). Magistrate Judge Shaffer also points out that Plaintiff does not specifically allege which Defendant was present at a September 15, 2012 meeting when he stated his opinion about the incentive unit or which Defendant fired him. (ECF No. 53 at 2–3.) Mere speculation is not enough. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247–48 (10th Cir. 2008) ("allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief."). Thus, Magistrate Judge Shaffer correctly found no retaliation in violation of Plaintiff's constitutional rights when his prison industry job was terminated.

    2.  *Reassignment of Housing Unit.*

With respect to Plaintiff's second alleged act of retaliation based on Plaintiff's reassignment to another living unit in retaliation for filing a grievance on September 29, 2010, Judge Martinez found the facts pled in the Amended Complaint to be "insufficient under rule

12(b)(6)," and granted Plaintiff leave to amend this claim. (ECF No. 42 at 9.) Judge Martinez directed that Plaintiff "must correct the pleadings and put further factual detail into the claim,…must keep in mind the framework of the three elements," of a retaliation claim, and "should make his best efforts to align the alleged facts with the elements of the claim." (See *Id.*) Plaintiff then filed his Second Amended Complaint, which alleges that on September 17, 2010, he filed a grievance regarding his termination from his CCI job. (ECF No. 53 at 3; ECF No. 53–1 at 4.) He claims that on September 24, 2010, Defendant Rusher moved him "from living unit #5 to living unit #2…in retaliation [for his] complaints and grievances." (ECF No. 53 at 3.)

Reviewing Plaintiff's Second Amended Complaint, Magistrate Judge Shaffer found that, while filing a prison grievance is protected by the First Amendment and satisfies the first element of a retaliation claim, Plaintiff did not adequately allege the second and third elements: an adverse action and retaliatory motivation. See *Walker v. Spence*, *supra* page 7–8. Specifically, Plaintiff alleged no facts to show how living in unit #2's conditions are harsher or even different than those in living unit #5, and he did not allege an adverse action. (ECF No. 69 at 9.) And on the third element—retaliatory motivation—Plaintiff did not show that but for a retaliatory motive, the incidents he alleges would not have occurred. (*Id.*)

Aside from the temporal proximity of his grievance to his reassignment to living unit # 2, Plaintiff did not allege any other facts or circumstances. "Temporal proximity between protected activity and a challenged prison action," Magistrate Judge Shaffer determined, "does not, in itself, demonstrate the causal nexus for a retaliation claim." (*Id.* at 10.) Plaintiff must do more than simply state that he made complaints and was subsequently assigned to another housing unit. Finding that Plaintiff had not sufficiently alleged the second and third elements of a

9

retaliation claim, Magistrate Judge Shaffer recommended that his housing reassignment claim be dismissed.

        3.      *Plaintiff's Objection.*

Plaintiff now objects to the Magistrate Judge's recommendation that both portions of his retaliation claim be dismissed. But in doing so, he lodges one brief, general objection that does not take issue with Magistrate Judge Shaffer's analysis with any degree of specificity. Offering minimal new analysis, Plaintiff states merely that "Defendants Falk, Reilly and Rusher retaliated against [him], violating his First Amendment rights," and cites *Frazier v. Debois* for the proposition that "the First Amendment forbids prison officials from retaliating against prisoners for exercising their right of free speech." 922 F.2d 560, 561–62 (10th Cir. 1990). (ECF No. 74 at 2–3.) Those two sentences comprise his objection in its entirety.

Citing *Frazier*, Plaintiff has now attempted, but failed, to follow Judge Martinez's initial instruction that he cite the law in the Tenth Circuit relevant to his case. He was instructed to provide authority for the proposition that opting not to volunteer for a prison incentive unit was protected activity. Moreover, he still has not proven that "but for" stating his opinion about the incentive unit, he would not have been terminated from his job at CCI or reassigned to a different housing unit. *Walker v. Spence,* 2009 WL 3074612, at *6 (D. Colo. 2009) (A retaliation claim entails three elements: "(1) that the plaintiff engaged in constitutionally protected conduct; (2) that an adverse action was taken against the plaintiff; and (3) a causal connection between the plaintiff's protected conduct and the adverse action; *Peterson,* 149 F.3d at 1144 (as to the third element, a plaintiff must specifically show that "but for" the retaliatory motive, the incidents would not have occurred). Plaintiff's objection fails and is overruled.

### B.     Conspiracy.

In his order on the motion to dismiss (ECF No. 42), Judge Martinez stated that Plaintiff's "pleadings are plainly deficient" and that he "must…correct and buttress these allegations." (*Id.* at 18.) Judge Martinez then dismissed Plaintiff's conspiracy claim without prejudice and granted him leave to file a Second Amended Complaint.

After Plaintiff filed his Second Amended Complaint, Magistrate Judge Shaffer considered Defendants' Motion to Dismiss this Complaint, and recommended that since Plaintiff "does not state an actionable claim for violation of his First Amendment rights, absent an underlying claim, he cannot state a claim for conspiracy to violate those rights." (ECF No. 69 at 16.) See *Thompson v. City of Lawrence, Kan.*, 58 F.3d 1511, 1517 (10th Cir. 1995). Further, Magistrate Judge Shaffer found that even based on a viable underlying claim, Plaintiff's allegations are "insufficient to state a claim for conspiracy." (ECF No. 69 at 17.) Plaintiff did not allege any specific communication, agreement, cooperation or concerted action from which a conspiracy between the Defendants could be inferred. Magistrate Judge Shaffer found that Plaintiff "provided no facts to support even an inference that some plan or joint action existed between or among any…Defendants." (*Id.* at 18.) Thus the Magistrate Judge recommended that Plaintiff's conclusory allegation of conspiracy be dismissed for failure to state a claim for which relief can be granted. (*Id.*)

Plaintiff now objects to Magistrate Judge Shaffer's recommendation. However, his objections are just as sparse as the allegations in his Second Amended Complaint, which Magistrate Judge Shaffer already correctly recommended dismissing. Plaintiff now claims that the facts are sufficient to support conspiracy because "Defendants Medina, Falk, Reilly and

Rusher acted with reckless indifference, intent and complicity that violated Plaintiff's protected constitutional rights." (ECF No. 74 at 2.) But again, such a bare allegation fails to support the existence of any of the elements of a conspiracy, as "a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants…Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." *Allen v. Dawson*, No. 11-cv-02251-CMA-MJW, 2012 WL 2884802, at *14 (D. Colo. June 21, 2012); *see also Crabtree By and Through Crabtree v. Muchmore*, 904 F.2d 1475, 1481 (10th Cir. 1990) ("[T]he rule is clear that allegations of conspiracy must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action."). Plaintiff's objection is overruled.

### C. Supervisor Liability (dismissing Defendants Medina and Falk).

When Judge Martinez granted Plaintiff leave to refile his Second Amended Complaint, (ECF No. 42) he explained to Plaintiff "that a claim for supervisor liability requires detailed factual allegations that are clearly deficient in what [Plaintiff] has already pled. Unless those deficiencies are corrected…the Court will have no choice but to dismiss the claim with no further opportunity to amend." (See *Id.*) After filing the Second Amended Complaint per Judge Martinez's instructions, Defendants moved to dismiss that Complaint, asserting that Plaintiff failed to allege that Defendants Medina and Falk sufficiently personally participated in the alleged violation. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Jenkins v. Wood*, 81 F.3d 988, 994–95 (10th Cir. 1996) (A plaintiff must show each defendant's personal participation in the alleged constitutional deprivation). (ECF No. 58 at 8.)

Magistrate Judge Shaffer subsequently recommended granting the motion to dismiss as to Defendants Medina and Falk's liability as supervisors on the grounds that individual liability under § 1983 must be based on *personal* responsibility (emphasis added). *See Foot v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Plaintiff failed to allege that Defendant Medina had any role in terminating him from his prison employment or in changing his housing assignment. Plaintiff alleged only that Defendant Medina failed to remedy past violations of his constitutional rights. (ECF No. 53 at 5–6.) As for Defendant Falk, Magistrate Judge Shaffer found that Plaintiff's allegation that Defendant Falk's merely responded to a grievance that Plaintiff filed was not sufficient, by itself, to establish personal participation for purposes of a Section 1983 claim. (ECF No. 69 at 16.)

Plaintiff alleges that his "facts are sufficient to support supervisor liability," because "Defendants Medina and Falk willfully, knowingly and intentionally had regulations and policies enforced that violated Plaintiff's constitutional rights and caused Plaintiff to be fired from his job at the prison garment factory." (ECF No 74 at 2–3.) To prove a supervisor liability claim, however, there must be an underlying constitutional violation in the first place. Here, Plaintiff objects specifically to Defendants Medina and Falk's role in what he calls his "firing" from the prison garment factory. (*Id.*) But as Magistrate Judge Shaffer correctly found no underlying constitutional violation with respect to Plaintiff's dismissal from his garment factory job, there can be no supervisor liability. *Dodds v. Richardson*, 614 F.3d 1185, 1204 (10th Cir. 2010) ("[I]n any given § 1983 suit [for supervisor liability], the plaintiff must still prove a violation of the underlying constitutional right."). Plaintiff's objection is overruled.

D.     **Proceeding for injunctive relief but not for money damages.**

In his objection, Plaintiff also complains about the fact that this case now proceeds only against the remaining Defendants in their individual capacities and their official capacities for prospective injunctive relief. (ECF No 74 at 3–4.) The Court interprets his argument to mean that he objects to this suit not proceeding against Defendants in their official capacities for money damages.

Plaintiff sued Defendants in both their individual and their official capacities. (ECF No. 28–1 at 3–4.) To the extent that Plaintiff attempts to sue Defendants in their official capacities for money damages, Plaintiff actually attempts to impose liability on their employer, the Colorado Department of Corrections ("CDOC"). *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (a suit against a state official in his or her official capacity is treated as a suit against the state). The CDOC is considered an agency of the State of Colorado. See Colo. Rev. Stat. § 24–1–128.5. Plaintiff's attempt to sue Defendants in their official capacities for money damages was properly dismissed without prejudice by Judge Martinez for lack of subject matter jurisdiction as barred by the Eleventh Amendment. (See ECF No. 42 at 5, 21.) And Judge Martinez was not the first to so rule. During the initial screening of Plaintiff's initial complaint, Senior U.S. District Judge Lewis T. Babcock dismissed all claims against the Colorado Department of Corrections on Eleventh Amendment Grounds. (See ECF No. 9.)

Unlike money damages, however, the Eleventh Amendment does not always bar actions in federal court seeking injunctive relief against state officials in their official capacities. *See Ex*

*parte Young*, 209 U.S. 123, 159–60 (1908) (holding that the Eleventh Amendment generally does not bar official capacity claims seeking prospective injunctive relief from a state official). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 n.10 (1989) ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official capacity actions for prospective relief are not treated as actions against the State.") (internal quotation marks and citation omitted). Nor does the Eleventh Amendment bar actions for damages against state officials in their individual capacities. *See Kentucky v. Graham*, 473 U.S. 159, 166–67 (1985). Thus, Magistrate Judge Shaffer's determination that the suit proceed against the remaining Defendants in their individual capacities and their official capacities for injunctive relief was correct. Plaintiff's objection, to the extent he contends that his suit should proceed against the Defendants in their official capacities for monetary damages, is overruled.

### IV. CONCLUSION

Based on the foregoing, Plaintiff's Objection (ECF No. 74) is OVERRULED and Magistrate Judge Shaffer's Recommendation (ECF No. 69) that Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 58) be granted in part and denied in part, is ADOPTED in its entirety. As such:

(1) Defendants Medina and Falk are DISMISSED from this case;

(2) Plaintiff's claims for retaliation based on the First Amendment, supervisor liability, and conspiracy are DISMISSED; and

(3) this case is to proceed only on Plaintiff's claim for violation of his equal protection rights under the Fourteenth Amendment against Defendants Reilly and Rusher to the extent that they are sued in their individual capacities and in their official capacities for injunctive relief.

DATED this 31st day of March, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge